### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICAH MITCHELL, individually ) <br> and as representative of the estate of ) <br> Debrina Mitchell, and as next friend of ) <br> KENNETH MITCHELL, OSHEANNA ) <br> MITCHELL, and MICAH RASHUN ) <br> MITCHELL, ) <br>      ) <br>      Plaintiffs, ) <br>      ) <br> vs. ) <br>      ) <br> FORD MOTOR COMPANY and ) <br> BILLINGSLEY FORD OF LAWTON, ) <br> INC., ) <br>      ) <br>      Defendants. ) | Case No. CIV-05-0379-F |

### ORDER

Plaintiff's Motion to Remand, filed May 3, 2005 (docket entry no. 11) is before the court.  The basis of the motion to remand is that, contrary to Ford's position stated in the Notice of Removal, Billingsley Ford of Lawton, Inc. (Billingsley) has not been fraudulently joined in order to defeat diversity jurisdiction in this court, with the resulting conclusion that Billingsley is a proper defendant.   Defendant Ford Motor Company has responded to the motion with arguments as to why Billingsley should be found to have been fraudulently joined and should be dismissed on that basis, with the result that this action remains in federal court on diversity jurisdiction.

Implicit in Ford's assertion that Billingsley's joinder is fraudulent, and in plaintiff's opposing contention that Billingsley's joinder is not fraudulent, is the presumption, made equally by both parties, that Billingsley's presence in this action

defeats the court's diversity jurisdiction.  That is not the case, however.  Filings by plaintiff Mitchell and defendant Ford indicate that the likely citizenship of the parties is as follows:  plaintiff Mitchell is a citizen of Kentucky; defendant Ford is a citizen of Delaware, where it is incorporated, and of Michigan, where its principal place of business is located; and defendant Billingsley is a citizen of Oklahoma where it is incorporated.  *See*, 28 U.S.C. § 1332(c)(1) (corporation deemed a citizen in state of incorporation and in state where it has its principal place of business).  Thus, it appears that there is complete diversity in this action whether or not Billingsley is a defendant.  This means that there is no "joinder to defeat diversity issue" to decide.  That issue is a red herring, and this Order does not otherwise address it.[1]

## Conclusion

Having considered the parties' submissions, the record, and the relevant arguments and authorities, the court determines as follows.

There is complete diversity of citizenship in this action so that the court has diversity jurisdiction under 28 U.S.C. § 1332.  Accordingly, the Motion to Remand is **DENIED**.

When circumstances suggest doing so, the court has an obligation to inquire as to any issues which might affect its subject matter jurisdiction.  Fed.R.Civ.P. 12(h).  To that end, the court **DIRECTS** that, if any party wishes to argue that plaintiff Mitchell is not a citizen of Kentucky but that he (in either his representative capacity[2] or his personal capacity) is, instead, a citizen of Oklahoma, Michigan, or Delaware,

---

[1] If an issue arises at a later stage of proceedings as to whether Billingsley should remain a defendant, nothing stated in this Order is intended to determine any aspect of that issue.

[2] For determination of the citizenship of a personal representative for diversity purposes, *see* 28 U.S.C. § 1332(c)(2).

that party shall file a notice stating its factual position on that subject in detail, on or before June 8, 2005.

Dated this 27th day of May, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0379p004(pub).wpd