**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

MICAH MITCHELL, individually and )
as Representative of the Estate of )
Debrina Mitchell, and as Next Friend )
of KENNETH MITCHELL, )
OSHEANNA MITCHELL and )
MICAH RASHUN MITCHELL, )
                                     )
       Plaintiffs, )
                                       )
vs.                               )   Case No. CIV-05-0379-F
                                       )
FORD MOTOR COMPANY, and )
BILLINGSLEY FORD OF LAWTON, )
INC., )
                                       )
       Defendants. )

## ORDER

         Plaintiff's "Motion for an Order Directing the Entry of Final Judgment Pursuant to Rule 54(b)," filed August 3, 2005, is before the court.  (Doc. no. 31.)  Defendant Ford Motor Company has responded, and the motion is ready for determination.

         Rule 54(b) entries are not to be made routinely. <u>Oklahoma Turnpike Authority v. Bruner</u>, 259 F.3d 1236, 1242 (10th Cir. 2001).  Certification under Rule 54(b) is appropriate only when the district court strictly adheres to the Rule's requirement of two express determinations. *Id.*  The court must first determine that the order it is certifying is a final order.  The court must also determine that there is no just reason for delay of review of the final order. *Id.*  The court's determination under Rule 54(b) should not be formalistic. It should, rather, be supported by a statement of the court's reasoning. *Id.* at 1244.  Trial courts should be reluctant to enter Rule 54(b)

orders since the purpose of this rule is a limited one:  to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships.  *Id*.

Granting the Rule 54(b) motion here would mean allowing this case to proceed on two tracks, appellate and trial, and would almost certainly result in wasted efforts by the courts, counsel, and the parties.  As the court stated in its July 5, 2005 Order, it has "a high degree of confidence" that plaintiffs have no plausible theory of recovery against Billingsley Ford of Lawton.  The court, therefore, concurs with Ford's view that immediate appellate review would be futile and a waste of the parties' and the circuit court's resources.  Immediate appeal could also result in a delay of this action while the appeal is pending.  In short, the court finds and concludes that there are good reasons for all issues to be determined in the ordinary course and that plaintiffs have shown no undue hardship which would justify the unusual step of certification for immediate review under Rule 54(b).

For these reasons, after consideration of the parties' submissions, the record, and the relevant authorities, plaintiffs' motion is **DENIED**.

Dated this 22nd day of August, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0379p009(pub).wpd